# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Judith A. Hempfling** | : | |
| 255 W. Limestone Street | : | |
| Yellow Springs, OH  45387 | : | **CASE NO. 1:17-cv-194** |
| | : | |
| **Plaintiff**, | : | |
| | : | **COMPLAINT** |
| v. | : | |
| | : | |
| **Community Mercy Health Partners,** | : | |
| 100 Medical Center Drive | : | |
| Springfield, Ohio 45504 | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant**. | : | |

## INTRODUCTION

1. This action is brought by the Plaintiff, Judith A. Hempfling, against the Defendant, Community Mercy Health Partners ("CMHP"), seeking unpaid overtime wages from March 2014, plus an additional equal amount of liquidated damages, the costs of this action and her reasonable attorney's fees, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant CMHP does business within, and therefore may be deemed to reside within, this judicial district and division.

## PARTIES

4. The Plaintiff, Judith A. Hempfling, is a natural person, a citizen of the United States and a resident of Yellow Springs, Ohio.

5. Defendant, CMHP, is an Ohio not-for-profit corporation with its principal place of business in Springfield, Ohio. The Defendant does business within the Southern District of Ohio and the Western Division, operating hospitals and other medical facilities including the Springfield Regional Medical Center in Springfield, Ohio.

6. Defendant CMHP is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. Defendant CMHP is, and at all times material to this action was, an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

8. Defendant CMHP is, and at all times material to this action was, an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times material to this action, the Plaintiff was employed as a registered nurse by CMHP in its program known as Community-Mercy Hospice and was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## STATEMENT OF THE CLAIM

10. Plaintiff was employed as a registered nurse by the Defendant CMHP in the Community-Mercy Hospice program from 2007 until the Defendant sold its hospice program to another non-profit organization in approximately September 2016. Plaintiff worked long shifts, including 48-hour shifts on alternate weekends during which she was responsible for providing or overseeing the care for 70 to 100 Hospice patients.

12. Under Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendant CMHP was required to pay Ms. Hempfling time-and-one-half overtime compensation for her hours worked in excess of 40 per week.

13. The Plaintiff regularly worked more than 40 hours per week. During most of her employment, including the relevant period of March 2014 until approximately June 19, 2016, the Defendant paid her at her normal hourly for such time worked but failed to pay her the time-and-

a-half overtime compensation for hours worked in excess of 40 hours per week as required by the FLSA. The Defendant began to pay Ms. Hempfling properly and to pay her at the rate of time-and-a-half for hours over 40 in a week beginning approximately June 19, 2016.

14. Plaintiff estimates that her unpaid time-and-a-half overtime compensation from the relevant period, from late March 2014 through June 18, 2016, is approximately $38,616.

15. Defendant CMHP has willfully violated the overtime compensation requirements of Section 207(a) of the FLSA.

16. The Plaintiff is entitled, in addition to back overtime compensation, to an additional equal amount as liquidated damages for the Defendant's violation of the FLSA under Section 16(b) of that Act, 29 U.S.C. § 216(b).

11. The Plaintiff is entitled to an award of her reasonable attorney's fees and costs under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter judgment against Defendant, Community Mercy Health Partners, for all unpaid overtime compensation found due to the Plaintiff, Judith A. Hempfling, as a result of Defendant's willful violation of 29 U.S.C. § 207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

(b) Award Plaintiff the costs of this action and her reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b); and

(c) Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

**DOLL, JANSEN & FORD**

_____
Julie C. Ford - 0040896
Trial Attorney
111 West First St., Suite 1100
Dayton, Ohio 45402-1156
(937) 461-5310
(937) 461-57219 (facsimile)
jford@djflawfirm.com

**ATTORNEY FOR PLAINTIFF**