UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JUDITH A. HEMPFLING,

    Plaintiff,

vs.

COMMUNITY MERCY HEALTH PARTNERS,

    Defendant.

Case No. 3:17-cv-182

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

# ORDER
_____

This civil case came before the Court for a discovery status conference by telephone on January 8, 2018. Attorneys Julie Ford and Thomas Wiencek participated. During the status conference, counsel represented the existence of a discovery dispute and sought the Court's intervention. Plaintiff's counsel seeks to depose a paralegal working in Akron, Ohio at the direction of Defendant's attorney. Plaintiff's counsel requests that the deposition occur in Dayton, Ohio, where she practices or, in the alternative, in Columbus, Ohio. Defendant does not object to the deposition itself, but seeks to limit the deposition from taking place more than 100 miles from Akron. *See* Fed. R. Civ. P. 45. The Court heard extensive argument from counsel during the status conference. Having carefully considered such arguments, the matter is ripe for decision.

"A party may, by oral questions, depose any person, including a party, without leave of court" and a "deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). "If the person to be deposed . . . is a party to the action, a subpoena is not required and notice [under Rule 30(b)] is sufficient to require [the deponent's] attendance." *Miller v. Experian Info. Sols., Inc.*, No. 3:13-CV-90, 2014 WL 7176620, at *2 (S.D. Ohio Sept. 18, 2014) (citing Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2112 (3d ed.2012)).

Where the party seeks to depose another party under Rule 30, "the examining party may set the place for the deposition . . . wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place." *Id*. (citing *Cassidy v. Teaching Co., LLC*, No. 2:13-cv-884, 2014 WL 4377843, at *1 (S.D. Ohio Sept.4, 2014)). District courts, nevertheless, have great discretion in designating the location of a deposition where justice so requires. *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *3 (6th Cir. Dec. 19, 2000); *see also* Fed. R. Civ. P. 26(c)(1); *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975).

Where a subpoena is required for a non-party's attendance at a deposition, such subpoena may command that person's attendance only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Here, regardless of whether defense counsel's paralegal is a party to the litigation -- the undersigned would be inclined to conclude that she is not a party -- the undersigned would, nevertheless, limit the place of deposition to that set forth in Rule 45(c)(1)(A), so as to lessen the undue burden or expense associated with the proposed deposition at issue. In so concluding, the undersigned recognizes that Defendant's counsel accommodated Plaintiff by travelling to Dayton for her deposition rather than, as may be permitted by Rules 30 and 45, noticing the deposition for elsewhere in the State of Ohio.

Accordingly, the undersigned **ORDERS** that the deposition of Defendant's counsel's paralegal shall not occur anywhere beyond 100 miles of the deponent's residence or place of employment in Akron, Ohio.

**IT IS SO ORDERED.**

Date:  January 8, 2018            s/ Michael J. Newman
                                                                                               Michael J. Newman
                                                                                               United States Magistrate Judge